UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>v.<br>KENNETH TAM,<br>  Defendant. | Case No. 5:16-cr-00401-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR BILL OF PARTICULARS; GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY**<br><br>Re: Dkt. Nos. 32, 33 |

Defendant Kenneth Tam's ("Defendant") Motion for a Bill of Particulars (Dkt. No. 32) and Motion for Discovery (Dkt. No. 33) came on for hearing on July 31, 2017. Having heard the arguments of counsel and considered the pleadings filed by both parties, the court GRANTS IN PART and DENIES IN PART Defendant's motions for the reasons explained below.

I. **BACKGROUND**

Defendant is charged in an Indictment returned on September 22, 2016, with the following counts: (1) Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349 ("Count 1"); (2) Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) ("Count 2"); (3) Structuring Financial Transactions in violation of 31 U.S.C. § 5324(a)(1) and (a)(3) ("Count 3"); and (4) False Statements to Government Agents in violation of 18 U.S.C. § 1001(a)(2) ("Count 4"). The Indictment also includes Forfeiture Allegations pursuant to 18 U.S.C. §§ 982(a)(1) and

Case No.: 5:16-cr-00401-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR BILL OF PARTICULARS; GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY

1

1    981(a)(1)(C); 28 U.S.C. § 2461(c); and 31 U.S.C. § 5317(c). Apart from Defendant, other individuals were charged with similar violations in a related, but separate, Indictment.

The counts against Defendant arise from his alleged theft of electronic equipment from CISCO Systems Inc. while he was an employee. The Government alleges Defendant sold the stolen products to another individual who altered the product's serial numbers and sold them to others. The Defendant allegedly received cash and checks for the stolen property and created bank accounts and structured deposits and withdrawals designed to hide his identity and avoid detection.

## II. LEGAL STANDARDS

### A. Authority for Discovery Order

The court has authority under the Federal Rules of Criminal Procedure, this district's Criminal Local Rules, and Ninth Circuit precedent to issue orders relating to the management of criminal discovery.

Looking first at the Federal Rules of Criminal Procedure, the court observes they "are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed. R. Crim. P. 2. Under Rule 12(b)(4), "at the arraignment or as soon afterward as practicable," the defendant may request notice of the government's intent to use any evidence that the defendant may be entitled to discover under Rule 16. In turn, Rule 16 identifies particular materials that the government must disclose to the defense, including the defendant's oral statements in response to interrogation, as well as particular materials that are not subject to disclosure, such as statements made by prospective government witnesses except as provided in the Jencks Act, 18 U.S.C. § 3500. Under Rule 16(d), the court, in regulating discovery, may on a finding of good cause either deny, restrict, or defer discovery or inspection, or grant other appropriate relief or enter any other order that is just under the circumstances.

Turning to the rules of this district, Criminal Local Rule 16-1 provides procedures for

disclosure and discovery in criminal actions. Under Rule 16-1, the attorney for the government and the attorney for the defendant shall confer within 14 days after a defendant's plea of not guilty with respect to a schedule for disclosure of the information required by Federal Rule of Criminal Procedure 16. The assigned Judge or Magistrate Judge may set a schedule for disclosure of information required by Rule 16 or any other applicable rule, statute or case authority.

Additionally, the Ninth Circuit has recognized the district court's inherent power to regulate and control criminal discovery. In order to effectuate the speedy and orderly administration of justice, "a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." United States v. Grace, 526 F.3d 499, 508-509 (9th Cir. 2008).

The Government also has a separate obligation to disclose and provide exculpatory information or information that impeaches the Government's case. See Brady v. Maryland, 373 U.S. 83 (1963). This is a continuing obligation that is self-executing. A violation of Brady occurs when the Government fails to disclose evidence materially favorable to the accused.

### B. Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the government to file a bill of particulars." A bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense and is "designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983); United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984). The decision to require a bill of particulars is within a trial court's discretion, which is broad under these circumstances. Long, 706 F.2d at 1054; Will v. United States, 389 U.S. 90, 99 (1967).

The Ninth Circuit has held that when deciding whether to order a bill of particulars, "a

Case No.: 5:16-cr-00401-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR BILL OF PARTICULARS; GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY

3

court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." Id. However, "[a] defendant is not entitled to know all the [e]vidence the government intends to produce." United States v. Giese, 597 F.2d 1170, 1181 (9th Cir. 1979) (internal citations omitted). The purposes of a bill of particulars are served when "the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense." Mitchell, 744 F.2d at 705.

No requirement exists in conspiracy cases for the Government to "disclose even all the overt acts in furtherance of the conspiracy." Giese, 597 F.2d. at 1180 (citing United States v. Murray, 527 F.2d 401, 411 (5th Cir. 1976)); see United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975); see also United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975). Further, the Government "is not required to furnish the name[s] of all other co-conspirators in the bill of particulars." See United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004).

### III. DISCUSSION

#### A. The Motion for Discovery

At the hearing, Defendant argued that the Government failed to provide him exculpatory evidence he believes the Government possess, specifically information and statements made by, and in relation to, Calvin Dang, the purported "mastermind" behind the theft and fraudulent sales scheme. Dang has pled guilty to charges in a separate Indictment, and was recently charged in a new Indictment with additional charges, including obstruction of justice by bribery (18 U.S.C. § 1510(a)), contempt (18 U.S.C. §401(3)), and blackmail (18 U.S.C. § 873). Defendant states these new charges against Dang stem from a conversation Dang had with an agent, during which Dang admitted receiving $250,000 from Defendant to purchase the silence of potential witnesses. Defendant states no information about this investigation and new Indictment was provided to him by the Government. Instead, Defendant states he discovered this information when he undertook a search of the electronic docket record of Dang. Defendant believes it is more than speculative that Dang will be a witness in the case against Defendant, and that the Government is in possession of

Case No.: 5:16-cr-00401-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR BILL OF PARTICULARS; GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY

4

statements and information that would impeach Dang.  Defendant, therefore, argues this information should have been disclosed previously and should be disclosed at this time.

In response, the Government states that Defendant has been provided almost 158,000 pages of discovery and that Defendant's motion seeks material already disclosed.  The Government also states it has informed Defendant that the information he seeks does not exist, is not in the Government's possession, is not material to Defendant's guilt, and is protected work product.

The court's rulings in relation to Defendant's nine specific discovery requests are as follows:

1. <u>Witness statements favorable to defendant</u>

The Government indicates it has produced all items in its possession related to this request including co-conspirators.

The Court GRANTS this request in so far as the court acknowledges the Government's continued obligation under <u>Brady</u>.

2. <u>The existence and identity of any witnesses favorable to the defense.</u>

The Government indicates it has complied and will continue to fulfill its discovery obligations pursuant to <u>Brady</u>.  The government states it will identify in its trial memorandum a list of all witnesses it intends to call in its case in chief, excluding witness contact information.

The Court GRANTS this request in so far as the Court acknowledges the Government's continued obligations under <u>Brady</u>.  However, the court does not order a disclosure of witness contact information at this time.

3. <u>Negative exculpatory statements</u>

The Government objects to this request as overbroad and ambiguous.

While the Court acknowledges the Government's continued obligations under <u>Brady</u>, the Court DENIES this request as lacking is specificity.

4. <u>Any information tending to cast doubt on a witness' credibility.</u>

Case No.: 5:16-cr-00401-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR BILL OF PARTICULARS; GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY

5

The Government indicates it will provide to Defendant evidence within its possession that could be used to properly impeach witnesses who have been called to testify. The Government will also provide information, should it exist, related to the bias, prejudice or other motivation of government trial witnesses.

Since it appears the Government is complying with this request, the Court need not rule on it at this time. It is therefore DEFERRED and Defendant may renew it at a later date.

    5. <u>Names of persons whom the government does not intend to call as witnesses but who may have knowledge pertaining to the alleged crimes.</u>

The Government objects to this request as overbroad and ambiguous. The Government indicates it is aware of its obligations under <u>Brady</u> and it will continue to comply with its obligations.

The Court DENIES this request as lacking in specificity.

    6. <u>Physical or documentary evidence inconsistent with the government's theory of the case.</u>

The Government indicates that per Rule 16(a)(1)(E), it will permit Defendant to examine, inspect and copy objects and documents in its custody that are material to the preparation of the defense that it intends to use in its case in chief.

Since it appears the Government is complying with this request, the Court need not rule on it at this time. It is therefore DEFERRED and Defendant may renew it at a later date.

    7. <u>All promises of consideration given to a witness.</u>

The Government indicates it will comply with its obligations under <u>Giglio</u>, and the Court acknowledges the Government's continued obligations under that case.

Since it appears the Government is complying with this request, the Court need not rule on it at this time. It is therefore DEFERRED and Defendant may renew it at a later date.

8. <u>Information and communications regarding proffer statements given by a witness to the government, including the identities of all government representatives involved in such communications or present during questioning.</u>

The government indicates it has complied with this request and will continue to fulfill its Jencks Act obligations.

The Court GRANTS this request in so far as the Government acknowledges its obligations under the Jencks Act.

9. <u>All memoranda and notes, including draft notes of witness interviews conducted by the FBI or agents of the REACT task force.</u>

The Government indicates it will preserve handwritten notes taken by any of its agents that exist or are available at this time, per <u>United States v. Harris</u>, 543 F.2d 1247 (9th Cir. 1976).

The Court GRANTS this request in so far as the Government has indicated it will preserve handwritten notes. No notes will be provided to Defendant at this time, but this request may be renewed by Defendant subject to an additional showing per Rule 16(a)(1)(A).

The Court advises that the Government may request an in camera review of any material or evidence prior to release.

### B. The Motion for Bill of Particulars

Defendant alleges Count 1 of the Indictment suffers infirmities that require the issuance of a Bill of Particulars to provide him clarity such that he can prepare a defense. Defendant also alleges Count 2 fails to explain the factual basis for the allegation that funds were proceeds of specified unlawful activity, and that the transaction was designed to "conceal and disguise the nature, location, source, ownership and control of the proceeds of that specified unlawful activity."

The Indictment contains 15 prefatory paragraphs that describe Defendant, alleged co-conspirators and relevant entities, the background regarding the fraudulent sales of Cisco equipment (which, as noted, is the genesis of the alleged wrongful conduct in this case), the "Scheme and Artifice to Defraud." Furthermore, paragraphs 3, 9, 11, 12 and 15 provide detail regarding Defendant's connection to and conduct with C.D., his alleged co-conspirator.

Defendant requests a Bill of Particulars regarding "material omissions" that form a basis for the independent duty that has been breached as alleged in Count 1 of the Indictment. Defendant argues that if the Government is proceeding on a theory of material omission, the Indictment lacks specificity and does not sufficiently inform him of the nature of the charge, which in turn prevents him from preparing a defense to the charge. Accordingly, Defendant argues the Government should identify the material omission and the independent duty assignable to Defendant or strike that part of the allegations in Count 1 of the Indictment. Defendant cites another case from this court, United States v. Lonich, No. 14-cr-00139-SI-1, 2016 WL 324039 (N.D. Cal. Jan. 27, 2016), in support of his position that "if the government wishes to prosecute based upon an omissions theory, the indictment must allege that defendant owed a duty to disclose." 2016 WL 324039, at *8 (citing United States v. DuBo, 186 F.3d 1177, 1179 (9th Cir. 1999)).

Paragraphs 1 through 15, the prefatory paragraphs of the Indictment, lack a description of alleged material omissions and do not describe the basis of the alleged obligation to inform as to Defendant. As such, the Court GRANTS the motion as to the "material omission" allegation in Count 1.

Should the Government wish to proceed on a theory of "material omission" as to Count 1 of the Indictment, it must provide additional information as to the material omission and disclosure obligation related to Defendant. Alternatively, the Government may strike the "material omissions" language from Count 1 and proceed with the remaining allegations.

Turning to Count 2, Defendant requests further explanation of the factual basis for the money laundering allegation. The court finds, however, that paragraphs 3, 10, 11, 12, 13, 14 and 15, combined with the discovery provided to date, adequately inform Defendant as to the nature and unlawful activity alleged such that he can prepare a defense. The Defendant's request for a Bill of Particulars as to Count 2 is therefore DENIED.

Case No.: 5:16-cr-00401-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR BILL OF PARTICULARS; GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY

8

## IV. ORDER

Based on the foregoing, the Motion for Bill of Particulars (Dkt. No. 32) and the Motion for Discovery (Dkt. No. 33) are each GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: August 31, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cr-00401-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR BILL OF PARTICULARS; GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY

9